PER CURIAM.
In this workers’ compensation case, the Employer/Carrier (E/C) appeals an order of the Judge of Compensation Claims (JCC) awarding Claimant temporary partial disability (TPD) benefits not to exceed the statutory maximum of 104 weeks. We affirm the JCC’s finding of entitlement to TPD benefits for the periods requested because it is supported by competent substantial evidence. Because, however, the JCC failed to determine the number of weeks of TPD benefits for which the E/C remains hable, we reverse and remand for further findings.
The E/C raised the payment of 104 weeks of temporary indemnity benefits as a defense to Claimant’s request for additional TPD benefits. See § 440.15(4)(e), Fla. Stat. (2005). This defense was based, in part, on a mediation agreement between the parties wherein the E/C agreed to pay Claimant $7,750.00 in full and final satisfaction of all past indemnity benefits through the date of the agreement. Although the JCC found that the E/C paid a total of 66 weeks of temporary indemnity benefits, the JCC failed to specify whether the parties’ mediation agreement encompassed these 66 weeks or if the agreement represented some other, indeterminate number of weeks paid by the E/C. On remand, the JCC should determine the number of weeks of TPD benefits left to be paid by the E/C. In doing so, the JCC should interpret the parties’ mediation agreement and specify what effect, if any, the agreement had on the E/C’s defense. REVERSED and REMANDED for further findings.
WOLF, ROBERTS, and WETHERELL, JJ., concur.